IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIRECTV INC.,

        Plaintiff,                         No. CIV S-03-2488 MCE GGH

 vs.

DARLING, et al.,                     <u>ORDER AND</u>
                                          <u>FINDINGS AND RECOMMENDATIONS</u>

        Defendants.
_____/

        Presently before the court is plaintiff's motion for entry of default judgment against defendant Glaser, filed January 19, 2005.[1] Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following order and findings and recommendations.

<u>BACKGROUND</u>

        On December 1, 2003, plaintiff filed the underlying complaint in this action against, <u>inter alia</u>, defendant Glaser, alleging defendant purchased and used pirate access devices to permit viewing of plaintiff's direct broadcast satellite system programming, in violation of,

---

[1] The matter was originally scheduled for hearing on March 3, 2005; however, it was vacated after the court determined that a hearing was not necessary. Order, filed February 24, 2005.

1

inter alia, the Communications Act, 47 U.S.C. § 605 and the Federal Wiretap Laws, 18 U.S.C. §§ 2511(1)(a) and 2512(1)(b). The complaint alleges defendant Glaser purchased six Pirate Access Devices from DSS Pro, including "Atomic Bootloaders." The summons and complaint were served on defendant Glaser on March 21, 2004. Fed. R. Civ. P. 4(e)(2). Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendant Glaser has failed to file an answer or otherwise appear in this action. The clerk entered default against defendant Glaser on October 13, 2004.

Notice of entry of default and the instant motion for default judgment and supporting papers were served by mail on defendant Glaser at his last known address. Defendant Glaser did not file an opposition to the motion for entry of default judgment. Plaintiff seeks an entry of default judgment in the amount of $60,000 against defendant Glaser.

DISCUSSION

I. Default Judgment

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the complaint state claims for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).

The complaint requests, in the event of default, an award of damages pursuant to 47 U.S.C. § 605(e)(4) (The Communications Act) and 18 U.S.C. § 2520(c)(2) (The Wiretap Act). Complaint at 9:5-7. The instant motion for default judgment requests damages pursuant to 47 U.S.C. § 605(e)(4) and 18 U.S.C. § 2520(c)(2)(B). The complaint prays for 18 U.S.C. § 2520(c)(2) relief as well as relief under 47 U.S.C.§ 605(e)(3)(C)(i)(II) in the event of trial. Complaint at 9:8-10. Section 2520 (a) permits a private cause of action against users of pirate devices. Compare Directv, Inc., v. EQ Stuff, Inc., 207 F. Supp. 2d 1077 (C.D. Cal. 2002) (private cause of action against *users* of pirate devices); with Directv v. Amato, 269 F. Supp. 2d 688 (E.D. Va. 2003) (no private cause of action for *possessor* of pirate devices). Section

605(e)(4) prohibits manufacture, assembly, modification, import, export, sale or distribution of pirate access devices.  Section 605(3)(A) also provides for a private civil action for a violation of 605(e)(4). Directv, Inc. V. Bloniarz, 336 F. Supp. 2d 723, 725 (W.D. Mich. 2004).

Whether to award damages under the wiretap law may be discretionary. Nalley v. Nalley, 53 F.3d 649 (4th Cir. 1995); Directv v. Griffin, 290 F. Supp. 2d 1340, 1345 (n. 25 (M.D. Fla. 2003); Romano v. Terdik, 939 F. Supp. 144 (D.Conn. 1996).  The amount of damages to be awarded under the Communications Act is also within the court's discretion.  47 U.S.C. § 605(e)(3)(C)(i)(II).

In a private action against a user of a pirate device, section 2520(c)(2)(B) provides an award of damages in the greater amount of $100 per day or $10,000.  Plaintiff seeks an award of $60,000 against defendant Glaser for six violations through the purchase of six Pirate Access Devices.

The language of 18 U.S.C. § 2520(c)(2) specifically provides as follows:

> In any other action under this section, the court may assess as damages whichever is the greater of--
>
> (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
>
> (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

18 U.S.C. § 2520(c)(2)(emphasis added).  Thus, the $10,000 amount under § 2520(c)(2)(B), unlike the $100 amount, has no per violation authorization.  In light of this statutory language, and plaintiff having failed to cite any authority to the contrary, the undersigned will not recommend that plaintiff be awarded judgment in the total amount of $60,000, even though defendant Glaser is alleged to have purchased and used six Pirate Access Devices.  See Smoot v. United Transp. Union, 246 F.3d 633, 642 (6th Cir. 2001) ("[U]nder § 2520(c)(2)(B), the $10,000 liquidated damages amount may not be applied per violation of the Act if the violations are 'sufficiently interrelated and time-compacted'.  Specifically, 'the $10,000 is designed to

compensate a plaintiff for all of the transgressor's misdeeds under the [Act] arising out of a closely related course of conduct that takes place over a relatively short period of time.'").[2]

Nor is the required calculation of the greater amount of $100 per day for each day of violation appropriate in this case. Based on plaintiff's calculations, defendant used the devices from the first date of purchase on July 26, 2001, until April 30, 2004, when plaintiff discontinued the use of the P3 generation of access cards, and created a P4 generation, thus preventing hackers from intercepting satellite programming. Based on 1,009 days of violations, plaintiff calculates these damages to be $100,900. Although defendant has not contested the number of days of violation, the court is not willing to accept this representation due to the overly harsh result.

Nevertheless, the complaint alleges that defendant knowingly manufactured, assembled, or modified a device, while having reason to know it was to be used in the assistance of unauthorized decryption of plaintiff's satellite programming. Complaint, ¶ 28. Therefore, § 605 specifically provides for statutory damages of not less than $1,000 or more than $10,000 for each violation, "as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II).

Here, defendant purchased a large number of devices, and all the devices were exactly the same type. A fair inference to be drawn is that all of the devices were not purchased for defendant's possession alone. Because the court finds that defendant's actions were too egregious to limit his damages to $10,000 under § 2520 but not sufficiently egregious to warrant damages of $100 per day, the court will use its discretion to recommend a damages award under § 605 instead, in the amount of $10,000 per violation for a total of $60,000. The court notes that defendant did not bother to respond to this action in any way, and thereby forfeited any argument he may have had to contest the amount of damages. This damage assessment may seem harsh;

---

[2] The undersigned is unaware of any published Ninth Circuit decision addressing this issue and plaintiff has cited no such decision. Additionally, plaintiff has presented no evidence regarding when defendant Glaser allegedly used the pirated devices, but only calculates days of use based on defendant's possession of the devices. Plaintiff's complaint alleges that defendant bought four devices on or about July 26, 2001, and two more devices on or about August 26, 2001. (Compl. ¶ 11.)

4

however, defendant has had the opportunity to defend in this case and does not appear to have been motivated to do so.

The court deems defaulting defendant, by his failure to appear or defend this action, to have waived any objections to the statutory source of the damages prayed for in the instant motion. The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment supports the finding that plaintiff is entitled to the relief requested, as limited by the law set forth above. There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

II. Attorneys' Fees and Costs

Directv also seeks $2,255.25 in attorneys' fees, and costs in an undetermined amount. Under 47 U.S.C. § 605(e)(3)(B)(iii), plaintiff is entitled to such fees and costs pursuant to § 605(e)(4). The court finds the requested attorneys' fees to be reasonable and grants plaintiff's request. Plaintiff may submit a bill of costs in accordance with Federal and local rules.

CONCLUSION

In view of the foregoing findings, IT IS RECOMMENDED that plaintiffs' motion for entry of default judgment be GRANTED. Judgment should be rendered in the amount of $60,000 in damages and $2,255.25 in attorneys' fees against defendant Glaser.

In addition, IT IS ORDERED that the Clerk of the Court shall serve these findings and recommendations on the defaulting defendant at the addresses indicated on plaintiff's proof of service of the instant motion.

These findings and recommendations are submitted to the United States District Judge pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served

and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 4/25/05

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
direct2488.fr.wpd